UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANA MARIA WASHINGTON,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

Case No.  2:25-cv-0471-JDP (SS)

ORDER

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 12 & 16.  For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands the matter for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On August 17, 2022, plaintiff filed an application for a period of disability and DIB, alleging disability beginning on January 1, 2017.[1] Administrative Record ("AR") 186-92. After her application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 47-69, 112-17, 119-22. On March 25, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 22-39. Specifically, the ALJ found:

1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2023.

---

[1] Plaintiff subsequently amended her disability onset date to January 1, 2022. AR 54.

2.  The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of January 1, 2022 through her date last insured of December 31, 2023.

    * * *

3.  Through the date last insured, the claimant had the following severe impairments: cervical degenerative disc disease with osteoarthritis/pseudoarthritis, status post-surgeries; lumber degenerative disc disease with osteoarthritis/pseudoarthritis. Starting on October 27, 2023, the claimant had the additional severe impairments of left shoulder disorder and rotator cuff tear with tendinopathy.

    * * *

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) such that she can lift and carry up to 10 pounds occasionally, can stand and walk with normal breaks for about 2 hours in an 8-hour workday, and can sit with normal breaks for about 6 hours in an 8-hour workday.  She can occasionally climb ramps and stairs, can never climb ladders, ropes, or scaffolds, can occasionally stoop, kneel, and crouch, but never crawl.  She can frequently reach to shoulder height with the right upper extremity, can occasionally reach above shoulder height with the right upper extremity, can occasionally reach to shoulder height with the left upper extremity, and can never reach above shoulder height with the left upper extremity.  She can perform repetitive twisting of the neck from 1 shoulder to the other shoulder no more than occasionally.  She can occasionally push/pull with the upper and lower extremities.  She must avoid exposure to unprotected heights and workplace hazards, and can have no work with vibrations.

    * * *

6. Through the date last insured, the claimant was capable of performing past relevant work as a general office clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

* * *

7. The claimant was not under a a disability, as defined in the Social Security Act, at any time from January 1, 2022, the amended alleged onset date, through December 31, 2023, the date last insured.

AR 24-39 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. She now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff raises four arguments. First, she argues that the ALJ failed to make the required factual findings related to her past relevant work as a general office clerk. Second, she argues that the ALJ improperly excluded mental limitations from the residual functional capacity ("RFC") determination. Third, she claims that the ALJ rejected her testimony absent clear and convincing reasons. Fourth, she contends that the ALJ improperly weighed the medical opinion evidence. ECF No. 12 at 7-25. The court finds plaintiff's first argument, that the ALJ did not properly evaluate her past relevant work, persuasive. Because this error warrants remand, I do not address plaintiff's remaining arguments.

At step four, the claimant bears the burden of demonstrating that he or she can no longer perform past relevant work. 20 C.F.R. § 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). A claimant may be found not disabled at step four based on a determination that he or she can perform past relevant work as it was actually performed or as it is generally performed in the national economy. Social Security Ruling ("SSR") 82-61, 1982 WL 31387 (Jan. 1, 1982). To determine whether a claimant can perform past relevant work, the ALJ must assess the claimant's residual functional capacity, the physical and mental demands of the claimant's past relevant work and then make a finding as to whether the claimant's RFC would permit him or her to perform the prior work. *Id.* SSR 82-62. "[T]he ALJ may draw on two sources of information to define the

4

claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2022). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

At her hearing, plaintiff testified that she previously worked as a secretary. AR 52. She stated that the position mostly involved sitting throughout the day, and that her job duties primarily consisted of answering phones, inputting data, and filing documents. AR 52, 64. The ALJ asked plaintiff a single question related to the position's functional demands: "Do you do any lifting in that job?" AR 64. In response, plaintiff stated, "not really." *Id.*

A vocational expert ("VE") testified that under Dictionary of Occupational Titles ("DOT"), plaintiff's secretarial work is classified as a general office clerk, which is generally performed at the light exertional level. The VE further stated that, based on plaintiff's description, "it sounds like it was performed at sedentary" instead of a light exertional level. *Id.* Based on plaintiff's brief description of the job, the VE concluded that an individual with plaintiff's RFC could perform the general office clerk position as it was actually performed by plaintiff, but not how the job is generally performed.

Relying on both plaintiff and VE's testimony, the ALJ concluded at step four that plaintiff "could perform her past relevant work as a general office clerk as she actually performed it at a sedentary exertional level, but not as that job is generally performed in the national economy." AR 39. The ALJ found that plaintiff's RFC, which limited plaintiff to lifting and carrying ten pounds occasionally, did not exceed the functional demands of the job. *Id.* In making that determination, the ALJ cited to plaintiff's hearing testimony, finding that the position had "no regular lifting requirement." AR 38-39. Critically, the ALJ's decision makes no mention of plaintiff's Work History Report, which included greater detail of the position's physical demands. In that report, plaintiff stated that once a week, she had to "empty the shredded paper," which required lifting approximately twenty-five pounds. AR 257.

Based on this record, the court finds that the ALJ did not make the requisite findings of fact as to the physical and mental demands of plaintiff's past work as a general office clerk. The ALJ was required "to make the appropriate findings to insure that the claimant really can perform his or her past relevant work." *Pinto*, 249 F.3d at 845. Rather than inquiring into the demands of plaintiff's past work, the ALJ relied on plaintiff's vague statement that the position did "not really" involving lifting. In doing so, she disregarded, without explanation, plaintiff's Work History Report, which shows that the job's physical requirements exceed plaintiff's functional capabilities.[2] *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (An ALJ "may not reject 'significant probative evidence' without explanation."). At a minimum, the ALJ was required to resolve the conflict between plaintiff's vague testimony and the statements she provided in her Work History Report. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) ("ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence.").

The Commissioner contends, however, that "given the nature of this infrequent once a week task it did not necessarily conflict with [plaintiff's] hearing testimony because it could be done more often or done in part rather than taking the entire 20 pounds of shredded papers in one trip and thus the overall weight that Plaintiff allegedly needed to endure to accomplish the task was not required to be 20 pounds." ECF No. 16 at 7. The Commissioner's suggestion that the task could be broken down into parts is logically appealing. The problem, however, is that it has

[2] The Commissioner suggests that the ALJ was not required to consider plaintiff's Work History Report because it included inconsistent and conflicting statements. ECF No. 16 at 6-7. Plaintiff's work history was provided on an agency approved form, which asked plaintiff to provide specific information about her prior jobs. AR 255-58. When asked to identify the heaviest weight she lifted as a secretary, plaintiff checked the box corresponding with twenty pounds. AR 257. The subsequent question asked plaintiff to check the box identifying the weight she frequently lifted, with the following available options: less than 10 pounds, 10 pounds, 25 pounds, 50 pounds, 100 pounds or more, and other. Plaintiff checked the box indicating she frequently lifted twenty-five pounds, and she also handwrote "once a week." *Id.* Obviously, there is some conflict here: plaintiff could not have lifted twenty-five pounds once a week if the heaviest weight she (ever) lifted was twenty pounds. However, to the extent that the ALJ felt that this conflict warranted disregarding plaintiff's statements, it was the ALJ's responsibility to explain her analysis—which she did not do. *See Edlund*, 253 F.3d at 1156.

no evidentiary support in the record, and the ALJ's findings—including those about the functional demands of plaintiff's prior work—must be supported by substantial evidence.  Additionally, the ALJ never found that plaintiff could perform this job task in discrete parts to accommodate her lifting limitation, and this court may not affirm the ALJ's decision based on findings she did not make.  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and we are constrained to review the reasons the ALJ asserts.") (citations and modifications omitted).

Because the ALJ did not properly assess plaintiff's past relevant work, the decision is not supported by substantial evidence.  Accordingly, remand for further proceedings is warranted. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    March 31, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7